Yu Liang CHEN, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–70834.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 2004.

Decided Jan. 13, 2005.

[Ret] Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Teresa L. Donovan, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: NOONAN, PAEZ, Circuit Judges, and SELNA, District Judge.*

## MEMORANDUM **

Yu Liang Chen petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a), as modified by the transitional rules under the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"). *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We deny the petition for review; however, we grant Chen's motion for a stay of voluntary departure.[1]

### I

Because Chen did not raise his asylum claim in the petition for review, we deem it abandoned. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

### II

Substantial evidence supports the IJ's determination[2] that Chen is not entitled to withholding of deportation either as to Panama or the People's Republic of China ("China"). An applicant is entitled to withholding of deportation if he establishes that his life or freedom would be threatened in the proposed country of deportation on account of a protected ground. 8 U.S.C. § 1231(b)(3)(a); 8 C.F.R. § 1208.16(b). An applicant who is found to have suffered past persecution in the proposed country of deportation is presumed to face a future threat to life or freedom in that country. 8 C.F.R. § 1208.16(b)(1)(I). An applicant who has not suffered past persecution may demonstrate that his life or freedom would be threatened in the future if he establishes that it is more likely than not that he would be persecuted on account of a protected ground. *Id.* § 1208.16(b)(2).

### A. Panama

Chen's experiences in Panama never rose to the level of persecution. The beating of Chen and the looting of his store in 1989, in the context of the volatile political climate in Panama at the time, amounted to "nothing more than an isolated criminal incident that does not begin to resemble persecution." *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). After the 1989 incident, Chen left and returned to Panama on at least two occasions with little difficulty. Though Chen was de-

---

* The Honorable James V. Selna, District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts of the case, we recite them only as necessary to explain our decision.

2. When "the BIA adopts an IJ's findings and reasoning, we review the IJ's opinion as if it were the opinion of the BIA." *Singh–Kaur v. INS*, 183 F.3d 1147, 1150 (9th Cir.1999).

tained for using admittedly false travel documents, he was not beaten or otherwise mistreated; therefore his detention does not amount to persecution. We conclude that substantial evidence supports the IJ's finding that Chen is not entitled to withholding of deportation as to Panama.

## B. China

■ Chen testified that, prior to leaving China in 1981, he was persecuted on account of his family's landlord status. Because the IJ determined that Chen suffered past persecution in China, a presumption arose that Chen would face a future threat to life or freedom if he returned to China. *See* 8 C.F.R. § 1208.16(b)(1)(i). However, the IJ concluded that the INS rebutted this presumption, finding that "[b]ased upon the State Department's assessment on [sic] the situation in the People's Republic of China at this time, there is no clear probability that his life or freedom is in danger … as a result of his suffering and the suffering of his family during the cultural revolution." *See id.* § 1208.16(b)(1)(i)(A) (providing that the INS may rebut the presumption by proving by a preponderance of the evidence that there has been a fundamental change in circumstances such that the applicant's life or freedom would not be threatened). Substantial evidence supports the IJ's conclusion that Chen's life or freedom would not be threatened in China on account of his family's past landlord status.

[4] Chen also claims that he will be persecuted by Chinese authorities because, with four children, he and his wife will be in violation of China's family planning policies. We agree with the IJ that this assertion is speculative. Thus, we conclude that substantial evidence supports the IJ's determination that Chen is not entitled to withholding of deportation as to China.[3]

## III

■ On February 25, 2003, Chen filed a timely petition for review and motion to stay deportation. Pursuant to General Order 6.4(c), the clerk issued a temporary stay of deportation. On July 18, 2003, we interpreted the government's failure to respond as a statement of non-opposition, and extended the stay of deportation indefinitely until the disposition of the case. Pursuant to *Desta v. Ashcroft*, 365 F.3d 741, 749–50 (9th Cir.2004), we construe Chen's motion to stay deportation as including a timely request for a stay of voluntary departure. Accordingly, we grant a stay of voluntary departure *nunc pro tunc* to February 25, 2003, the date of his motion to stay deportation. At that point, the time remaining for Chen to voluntarily depart was one day. Therefore, upon issuance of the mandate, Chen will have one day to depart voluntarily. *Id.* at 750.

\*   \*   \*   \*   \*   \*

For all of the above reasons, we deny Chen's petition for review.[4] We grant a stay of voluntary departure *nunc pro tunc* to February 25, 2003, the date of his mo-

---

3. Chen requests that, even if we agree that he cannot meet the statutory requirements for withholding of deportation, we exercise our discretion to grant withholding "for humanitarian reasons." However, while *asylum* may be granted in the exercise of discretion for humanitarian reasons, *see* 8 C.F.R. § 1208.13(b)(1)(iii), withholding of deporta-

tion is not a discretionary matter. *See Vilorio–Lopez v. INS*, 852 F.2d 1137, 1140 (9th Cir.1988). Therefore, we are only authorized to determine whether Chen is statutorily entitled to withholding of deportation.

4. We also deny Chen's Motion to Hold Petition for Review in Abeyance.

tion to stay removal. Chen will have one day after issuance of the mandate to depart voluntarily. In addition, because the unique circumstances of this case may result in Chen and his wife's deportation to different countries, we stay issuance of the mandate for 90 days to give Chen and his family time to settle their affairs.

**PETITION DENIED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.